UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENA TO DROPBOX, INC.<br><br>L2 PARTNERS LLC et al.,<br>  Non-Party Movants,<br> v.<br>WALGREEN CO.,<br>  Plaintiff-Respondent,<br> v.<br>AARON PETERS,<br>  Defendant. | Case No. 22-mc-80047-JSC<br><br>**ORDER TO MEET AND CONFER**<br><br>Re: Dkt. No. 1 |

Walgreens filed suit in the Northern District of Illinois against its former employee Aaron Peters, alleging that he took confidential and proprietary data to his new employer, non-party L2 Partners. (Dkt. No. 1-1 ¶ 2; Dkt. No. 9-2.)[1] Walgreens subpoenaed Dropbox for documents related to Mr. Peters' Dropbox file storage account, and L2 Partners and related non-parties now move to quash that subpoena and for a protective order. (Dkt. No. 1.)

The subpoena requests, in relevant part:

> 1. All Documents that reflect, demonstrate, or otherwise refer or Relate in any way to any Dropbox account to which Aaron Peters subscribes, including the dates on which information was uploaded to or downloaded from Aaron Peters' Dropbox, the amount of information uploaded or downloaded on those dates, any transfer from Aaron Peters' Dropbox to another Dropbox account, and the amount of information currently stored on Aaron Peters' Dropbox.
>
> 2. All Documents that reflect, demonstrate, or otherwise refer or

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

> Relate in any way to any Dropbox account to which L2 Partners subscribes, including the dates on which information was uploaded to or downloaded from that Dropbox account, the amount of information uploaded or downloaded on those dates, any transfer from that Dropbox to another Dropbox account, and the amount of information currently stored on any L2 Partners Dropbox account.
>
> 3. All Documents that reflect, demonstrate, or otherwise refer or Relate in any way to any Dropbox account to which any current or former member or employee of L2 Partners, specifically including but not limited to Lance Lazarus, Dan Marotta, Jeff Richards, Tad Galin, and John Shumrak, subscribes, including the dates on which information was uploaded to or downloaded from that Dropbox account, the amount of information uploaded or downloaded on those dates, any transfer from that Dropbox to another Dropbox account, and the amount of information currently stored on that Person's Dropbox account.
>
> 4. All Documents that [Dropbox] received from, transmitted to, or exchanged with any member or employee of L2 Partners, specifically including but not limited to Aaron Peters, Lance Lazarus, Dan Marotta, Jeff Richards, and Tad Galin, reflecting, discussing, referring or relating to any Dropbox account.
>
> 5. All Documents that [Dropbox] received from, transmitted to, or exchanged with any member or employee of L2 Partners, specifically including but not limited to Aaron Peters, Lance Lazarus, Dan Marotta, Jeff Richards, and Tad Galin, after March 11, 2021.

(Dkt. No. 1-1 at 15–16.) The non-party movants argue, in part, that the subpoena requires disclosure of privileged, confidential, personal, and/or irrelevant documents that were stored on L2 Partners' Dropbox accounts and synched to Mr. Peters' personal external hard drive. (Dkt. No. 1 at 17–20; Dkt. No. 11 at 6–8.) Walgreens maintains that the subpoena "solely seeks information regarding the creation and use of Dropbox accounts by Peters and L2 Partners and does not seek the contents of any documents stored on those accounts." (Dkt. No. 8 at 8–9.)

Thus, there is a threshold disagreement about the subpoena's scope, and it is possible that a subpoena limited to documents *about* the Dropbox accounts, rather than documents contained in the Dropbox accounts, would both narrow and clarify the arguments before the Court. Accordingly, Walgreens and the non-party movants are ORDERED to meet and confer in person or by video regarding a revised subpoena that corresponds with Walgreens' stated intent to seek documents *about* the Dropbox accounts. Walgreens and the non-party movants shall file a joint status update, not to exceed 10 pages, on or before April 11, 2022. The non-party movants need not repeat any of their arguments that relate to issues other than the facial scope of the subpoena.

**IT IS SO ORDERED.**

Dated: March 28, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge